**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dorothy Austin, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.  1:10-cv-1665 |
| | ) | |
| GC Services Limited Partnership, a | ) | |
| Delaware limited partnership, | ) | |
| | ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dorothy Austin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Dorothy Austin ("Austin"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt owed for a Merrick Bank credit card, despite the fact that she was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.   GC Services operates a nationwide debt collection business, including through its offices located in Elgin, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.   See, printout form GC Services website attached as Exhibit A.

5.     Defendant GC Services is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit B.   In fact, Defendant conducts extensive business operations in Illinois by collecting debts from thousands of Illinois consumers and by maintaining a call center here with more than 100 employees.

6.     Defendant GC Services is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit C. In fact, Defendant acts as a collection agency in Illinois.

### FACTUAL ALLEGATIONS

7.     Ms. Austin is a senior citizen who fell behind on paying her bills, including a debt she owed for a Merrick Bank credit card.   Accordingly, Ms. Austin sought the assistance of the legal aid attorneys at LASPD, in Chicago, Illinois, regarding her financial difficulties.   LASPD runs a nationwide program to protect seniors and disabled persons in financial difficulties from collection, in cases in which those persons have no assets and their income is protected from collections.

8.     On November 11, 2009, one of Ms. Austin's LASPD attorneys informed

GC Services, in writing, that Ms. Austin was represented by counsel, and directed GC Services to cease contacting her, and to cease all further collection activities because Ms. Austin was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Disregarding this letter, Defendant GC Services continued its collection actions, calling Ms. Austin on multiple occasions, including, but not limited to, calls on December 31, 2009, January 12, 2010, January 22, 2010, January 25, 2010, January 27, 2010, February 5, 2010, February 8, 2010, February 17, 2010, February 18, 2010, February 22, 2010 and February 25, 2010.

10.     Accordingly, on February 26, 2010, Ms. Austin's LASPD attorney sent Defendant GC Services another letter, directing it to cease communicating with Ms. Austin and to cease its collection actions.   Copies of this letter and fax confirmation are attached as Exhibit E.

11.     Nonetheless, in utter disregard of the two notices it had received, Defendant GC Services called Ms. Austin again on March 3, 2010.

12.     All of the collection actions at issue occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.   See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.   See, 15 U.S.C. § 1692c(c).

16.     Here, the letters from Ms. Austin's agent, LASPD, told Defendant GC Services to cease communications and to cease collections (Exhibits D and E).   By continuing to communicate regarding the debt, in an attempt to collect the debt, Defendant GC Services violated § 1692c(c) of the FDCPA.

17.     Defendant GC Services' violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.   See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.   See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant GC Services knew that Ms. Austin was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits D and E), that she was represented by counsel, and had directed Defendant GC Services to cease directly communicating with her.   By directly calling

4

Ms. Austin repeatedly, despite being advised that Ms. Austin was represented by counsel, Defendant GC Services violated § 1692c(a)(2) of the FDCPA.

21.    Defendant GC Services' violation of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.    See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692d Of The FDCPA –
### Harassment And Abuse

22.    Plaintiff adopts and realleges ¶¶ 1-13.

23.    Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

24.    Defendant GC Services, by repeatedly attempting to contact Ms. Austin directly, via telephone, despite the fact that GC Services had known, since November 2009, that Ms. Austin was represented by counsel, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

25.    Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.    See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dorothy Austin, prays that this Court:

1.    Find that Defendant GC Services' debt collection actions violated the FDCPA;

5

2.      Enter judgment in favor of Plaintiff, and against Defendant, for actual

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dorothy Austin, demands trial by jury.

Dorothy Austin,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:   March 15, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com